**Order filed August 4, 2022**



# In The

# Eleventh Court of Appeals

_____

## No. 11-21-00082-CR

_____

## YAHEL ELIYAH MCDANIEL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**

**Eastland County, Texas**

**Trial Court Cause Nos. 25663, 25665, 25668, 25760, & 25960**

## O R D E R

The jury convicted Appellant, Yahel Eliyah McDaniel, of the offenses of aggravated assault of a public servant with a deadly weapon, evading arrest or detention with a vehicle, unauthorized use of a vehicle, possession of a controlled substance, and aggravated robbery. The jury then assessed Appellant's punishment at confinement for forty years, ten years, two years (in a state jail facility), ten years, and thirty years, respectively. The trial court sentenced Appellant accordingly and ordered that the sentences are to run concurrently.

We previously abated this appeal when Appellant's court-appointed counsel, John W. Stickels, failed to timely file an appellate brief. We remanded the cause so that the trial court could determine, among other things, whether Stickels should be removed as appellate counsel and new counsel appointed. *See* TEX. R. APP. P. 38.8(b). The trial court conducted a hearing as requested. At the hearing, Stickels assured both Appellant and the trial court that the brief was ready to be filed and that he desired to continue to represent Appellant in this appeal. Consequently, Appellant indicated that he wished for Stickels to continue to represent him, and the trial court determined that Stickels should be continued as counsel in this appeal. After the appeal was reinstated, Stickels filed in this court a motion to withdraw and a brief in which he asserted that this appeal is frivolous. We note that nothing in the record from the hearing on remand indicates that Stickels informed either the trial court or his client that he intended to file a motion to withdraw or a brief asserting that this appeal is frivolous. Because we do not agree with counsel's assessment that this appeal is frivolous, we again abate this appeal.

In the brief, Stickels details his examination of the record and applicable law and concludes that this appeal is frivolous and without merit. Stickels provided Appellant with a copy of the brief, a copy of the motion to withdraw, and a copy of the clerk's record and the reporter's record. Stickels advised Appellant of his right to review the record and file a response to counsel's brief, and Appellant has filed a pro se response to counsel's brief. Stickels also advised Appellant of his right to file a petition for discretionary review with the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 68. It appears that court-appointed counsel has attempted to comply with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

In addressing an *Anders* brief and a pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we disagree with court-appointed counsel's conclusion that the appeal is frivolous.

Although Appellant pled guilty to the three lesser felony charges, he pled not guilty to the two first-degree felony charges. The State called ten witnesses to testify at the guilt/innocence phase of trial and seven witnesses to testify at the punishment phase of trial. Appellant and two family members testified on his behalf at the punishment phase of trial. Various objections were preserved for review, including during voir dire, the presentation of evidence, and the charge conference. Additionally, we note that the court's charge to the jury at the punishment phase appears to contain an erroneous instruction regarding the existence of good conduct time and its application to Appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4 (West Supp. 2021).

Accordingly, we grant counsel's motion to withdraw, abate this proceeding, and remand the cause to the trial court for the appointment of new appellate counsel. *See Bledsoe*, 178 S.W.3d at 826–27. We direct the trial court to appoint new counsel to represent Appellant on appeal. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel in its order appointing new counsel. The order shall be included in a supplemental clerk's record, which shall be filed with the clerk of this court on or before September 8, 2022. Appellant's

brief is due to be filed in this court thirty days from the date of the trial court's appointment of new counsel.

The motion to withdraw is granted; the appeal is abated; and the cause is remanded to the trial court in accordance with this order.

PER CURIAM

August 4, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.